STATE, Respondent, vs. PECKHAM, Appellant.

*January 9—February 3, 1953.*

For the appellant there was a brief and oral argument by *Jacob Geffs* of Janesville.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Frank X. Kinast,* district attorney of Rock county, and oral argument by *Mr. Platz* and by *Mr. Joseph B. Forrestal,* assistant district attorney.

FRITZ, C. J.   On July 20, 1952, an information was filed, charging Victor J. Peckham with violating sec. 340.271 (1), Stats., causing the death of Linda Lee Leick, a four-year-old child, while he was operating a motor vehicle under the influence of intoxicating liquor.  A jury was waived, and the case was submitted on a stipulation of facts; and the court found the defendant guilty, and sentenced him to six months in jail.  The stipulation of facts provided: That on July 20, 1952, at approximately 8:42 p. m., the defendant Peckham was operating a Chrysler automobile on public Highway 59, in Rock county, Wisconsin; that at the time and place, Peckham was under the influence of intoxicating liquor within the meaning of sec. 340.271 (1), Stats.; that said automobile struck and killed Linda Lee Leick, a four-year-old child; that, at said time and place, Linda Lee Leick and her brother, Robert Leick, age five, were walking westerly along or near the north edge of the black-top in a westerly direction; that Peckham was driving his automobile in a westerly direction at a speed stated by him at one time, at 35 miles per hour, and at another time at between 40 and 45 miles per hour, that at the time and place aforesaid, it was dark, and Peckham was approaching an automobile proceeding in an easterly direction, driven by Ernest Edwards of Evansville, Wisconsin; that said Edwards was traveling at a speed of 40 to 45 miles per hour; that the defendant Peckham dimmed his lights before Edwards, whom he was approaching, dimmed his lights; that, upon dimming his lights, Peckham stated that

he first saw the child in the road ahead of him, and the damage to his automobile was reported by the sheriff as damage to the right headlight, right front fender, and two chrome strips of grille on the right side of the automobile.

In addition it is stated in the stipulation that Edwards would testify that upon approaching the Peckham car, he saw two shadows which he at first thought might be two hogs in the road; that he applied his brakes for the reason that he believed the Peckham car might roll if it struck what he, Edwards, believed to be hogs in the road; that Edwards would testify that Peckham immediately thereafter swerved to the left and drove his car to the left of Edwards' car, into the ditch, and straightened his car up after driving it into the ditch; and that he would further testify he considered the accident unavoidable; that he saw nothing on the part of the defendant, Peckham, which would indicate he had not operated his automobile with due care; that there is no testimony that the accident resulted from any lack of due care on the part of Peckham, or resulted from the fact that he was under the influence of intoxicating liquor.

However, the state did not stipulate, and is unwilling to accept the statement in appellant's brief that it is undisputed that the accident was unavoidable and there was no lack of due care on the part of the defendant; and that the accident did not result from the fact that the defendant was under the influence of intoxicating liquor. The stipulation does not go that far. It provides only that the witness, Edwards, would testify that he considered the accident unavoidable, and that he saw nothing on the part of the defendant which indicated that defendant had not operated his automobile with due care, and there is no testimony that the accident resulted from any lack of due care on the part of the defendant, or from the fact that he was under the influence of intoxicating liquor.

Consequently, the stipulated facts that at the time and place of the accident Peckham was under the influence of intoxicating liquor within the meaning of sec. 340.271, Stats., and that he struck and killed Linda Lee Leick, established the violation of the statute, and sustained the court's finding that the defendant was guilty. Sec. 340.271 (1), so far as material to this action, provides:

"Any person who by operation of any vehicle while under the influence of alcoholic beverages . . . shall cause the death of another shall be deemed guilty of negligent homicide and upon conviction thereof shall be punished by imprisonment. . . ."

The witness Edwards' opinion that the accident was unavoidable was therefore immaterial and not competent evidence. The important elements of the crime of negligent homicide under sec. 340.271 (1), Stats., are that the operator of a motor vehicle was under the influence of alcoholic beverages, and that he caused the death of another while operating said motor vehicle. The stipulated facts in this case recite that defendant Peckham "was under the influence of intoxicating liquor" when he caused the death of Linda Lee Leick, by his automobile colliding with her body while it was being operated by him. The stipulation provides also "that there is no testimony that the accident resulted from any lack of due care on the part of the defendant, . . . or resulted from the fact that the defendant . . . was under the influence of intoxicating liquor." No such testimony is necessary. The case is ruled on this point by the case of *State v. Resler,* 262 Wis. 285, 290, 55 N. W. (2d) 35, which holds that in a prosecution under sec. 340.271 (1), the state is not required to prove "that defendant's operation of the car was so affected by his intoxication that the accident would not have happened if he had been sober."

Counsel for appellant contends that the crime is denominated by the statute "negligent homicide;" that there must

be a showing of negligence, and that negligence includes both violation of duty and "an injury proximately caused thereby." The name of the crime is of little or no consequence in attempting to arrive at the meaning of the statute, when the two elements of the offense, noted above, are clearly delineated by the statute. The negligence in question is the driving of an automobile while under the influence of intoxicating liquor. This is recognized by the court's reference in the opinion in *State v. Resler, supra,* to the case of *Tomasik v. Lanferman,* 206 Wis. 94, 238 N. W. 857. In that case, the court held that the driving of a car by an intoxicated person is itself gross negligence, and then stated (p. 97) :

"We hold that the driving of a car upon our highways by one intoxicated fully responds to all of the elements necessary to constitute gross negligence. One intoxicated is without proper control of all those faculties the exercise of which is necessary to avoid danger to others while driving a car upon a public highway. The driving of a car by one in such condition betrays an absence of any care, and indicates such recklessness and wantonness as evinces an utter disregard of consequences."

As stated in *State v. Resler, supra* (p. 290) :

"If it can also be shown that defendant was intoxicated when he so operated his vehicle, it must be assumed that there existed a causal connection between the intoxication and the death. *Tomasik v. Lanferman* (1931), 206 Wis. 94, 238 N. W. 857. As pointed out by the attorney general, to require that facts be shown to prove that defendant's operation of the car was so affected by his intoxication that the accident would not have happened if he had been sober, would be to impose an impossible burden upon the state in the prosecution of such a case."

The same argument applies with equal force to the facts in the case at bar. Defendant was approaching the children from the rear at a speed of 35 to 45 miles per hour. The night was dark, and the defendant was approaching an auto-

mobile proceeding in the opposite direction. He stated that upon dimming his lights because of the oncoming car, he first saw the child in the road ahead of him. The stipulation does not say what the testimony of defendant would be regarding the action he took upon observing the child, but it does say that Edwards, the driver of the oncoming car, would testify that Peckham immediately thereafter (*i. e.,* after Edwards saw the obstruction in front of the Peckham car and applied his brakes) swerved to the left and drove his car to the left of Edwards' car into the ditch.

*By the Court.*—Judgment affirmed.