STATE, Respondent, vs. HALL, Appellant.

*November 11—December 6, 1955.*

For the appellant there was a brief and oral argument by *Kenneth L. Krause* of Waukesha.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *James D'Amato,* district attorney of Waukesha county, and oral argument by *Mr. Platz* and *Mr. D'Amato.*

MARTIN, J.  On the night of August 6, 1955, defendant was found slumped in the seat on the passenger side of his automobile which was parked in the middle of a street in the city of Waukesha. The headlights of the car were on, the motor was running and the right-hand door was partially open. The police officers who found him roused him and helped him out of the car. He staggered, his breath smelled of liquor, his speech was thick, and his trousers were open and wet down the front. In the opinion of the officers who found him, he was intoxicated. There was evidence that he had spent some time drinking in a tavern earlier in the evening in the company of another man. The defendant did not testify on the trial.

It is defendant's position that the evidence fails to sustain the finding of the trial court that he violated sec. 85.13 (1) (a), Stats.; and we agree.

As pointed out in *Milwaukee v. Richards* (1955), 269 Wis. 570, 577, 69 N. W. (2d) 445:

". . . the only two elements involved in proving a person guilty of violating the . . . statute, making it unlawful for a person to operate a vehicle upon any highway while he is under the influence of liquor, are: (1) That he be operating a vehicle on the highway; and (2) that he be under the influence of intoxicants. If an operator is driving a vehicle on

the highway and is under the influence of intoxicants within the definition of sec. 85.13 (2), Stats. 1951, he is violating the law as soon as he sets his car in motion on the highway."

That the second element was proved in this case can hardly be questioned. The only evidence as to defendant's condition when he was found was that he was intoxicated. As to the first element, however, there is no evidence that he had operated his automobile while intoxicated. He was not seen driving the car; the car was not seen in motion prior to the time the officers found it; no one knew how long it had been there; defendant was seated on the passenger side. Defendant did not suggest that anyone else had driven it; neither did he admit or deny that he himself had driven it. He told the police he remembered nothing after nine or ten o'clock that evening except that he had been sick for a while. The inferences that may be drawn from the circumstantial evidence are as consistent with innocence as with guilt.

The rule that in order to sustain a conviction all the essential facts must be proven beyond a reasonable doubt is so fundamental as to require no citation of authority.

In *McNaughton v. Des Moines Life Ins. Co.* (1909), 140 Wis. 214, 221, 122 N. W. 764, it was said:

"The court will not presume from circumstances which are consistent or inconsistent, according to the viewpoint from which they are measured, with violation of a penal statute, that such violation occurred in the particular case, without sufficient corroborating evidence to establish it to a reasonable certainty."

Here there is no corroborating evidence to support the conclusion of guilt which the state draws from the circumstances.

In *Schwantes v. State* (1906), 127 Wis. 160, 176, 106 N. W. 237, it was said:

". . . circumstantial evidence must be sufficiently strong to exclude every reasonable theory of innocence."

It is not enough that the evidence is consistent with the state's hypothesis of guilt; it must be inconsistent with any hypothesis of innocence. No one knows when or how the car got where it was parked. Defendant was found seated on the passenger side. The officer testified that he was slumped over and had to be shaken a number of times before he "came to;" that when they got him out of the car he "staggered all over" and had to be assisted to the squad car, where he "passed out" while being taken to the station,—evidence from which it could reasonably be inferred that defendant was so intoxicated he was incapable of having driven the car. The door on the passenger side was partially open, which indicates that he may have either gotten out of the car to "answer a call of nature" or attempted to do so, but it does not compel the conclusion that he had been driving previous to that time, gotten out and then became confused and got in on the other side. The evidence shows that he had been drinking in the company of a friend. The inference that the friend had driven the car to where it was found, stopped it, and walked away, is as consistent with the undisputed facts as the inference that the defendant drove it there himself. The evidence fails to overcome the presumption of innocence to which the defendant is entitled.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment finding the defendant not guilty of the offense charged.

FAIRCHILD, C. J. (*dissenting*). It appears to me that due consideration has not been given to the probative force of the evidence before the trial court. The operator of an automobile who is under the influence of intoxicants within the statutory definition violates the law as soon as he sets his automobile in motion on the highway.

At the time the state rested its case, a *prima facie* case against the defendant had been established. The evidence is that after work he had left his car in a parking lot, visited a tavern, and after some time spent there had left the tavern. It is established that his car was taken out of the parking lot and later the car was found on the highway some considerable distance from the parking lot. The facts then appear to be as follows: The engine was running. When the officers noticed the car, the defendant was in the car, but there was unmistakable evidence that the car had been stopped by taking it out of gear, and that the defendant, being uncomfortable, had gotten out of the car on the right side somewhat toward the curb. The evidence of his sickness appeared in the road, on the car, and also upon his clothing. He had gotten back into the car and then had collapsed. His offense was completed between the time his car left the parking lot and the time the police officers arrested him. There was no effort to defend against the charge or to meet the evidence then before the court, and the court decided that the defendant was "guilty of having operated a motor vehicle upon the highways of this state while under the influence of intoxicating liquor contrary to sec. 85.13 (1) (a), Stats." At the close of the testimony the defense asked for a dismissal. There was some discussion about a previous offense, and the court said: "On the evidence the court finds the defendant guilty." The defendant's attorney then said: "The defendant is attempting to work out his problem with Alcoholics Anonymous. This is the first time that he himself has had it brought home that something definitely has to be done." The court then asked the defendant whether there was anything he wished to say before sentence be pronounced, and the defendant answered "No."

I therefore dissent from the opinion as written.

I am authorized to state that Mr. Justice CURRIE concurs in this dissent.