SHAWANO COUNTY, Respondent, v. WENDT, Appellant.

*April 2—April 30, 1963.*

For the appellant the cause was submitted on the brief of *Douglas D. Winter* of Shawano.

For the respondent there was a brief and oral argument by *Frederic C. Eberlein,* district attorney.

HALLOWS, J.   At about 2 a. m. on September 9, 1961, the defendant Peter G. Wendt and one Arden Schmoldt were found intoxicated in the defendant's automobile which was parked on the shoulder of Highway 29 about two and one-half miles east of the city of Shawano. The headlights of the car were on, the ignition keys were lying on the front seat, the defendant was sitting in the driver's seat slumped over the steering wheel asleep, and Schmoldt was lying asleep on the front seat with his feet out the window and his head near the defendant. The police officer who found them called for additional help and the defendant and Schmoldt were taken to the county jail.

At the trial the defendant put in no defense and on this appeal contends the evidence fails to sustain the finding of the trial court that he violated the county ordinance. Two elements are necessary to prove a violation of the ordinance or of a similar statute: (1) The person charged was operating a vehicle on the highway, and (2) he was under the influence of liquor. *Milwaukee v. Richards* (1955), 269 Wis. 570, 69 N. W. (2d) 445. There appears to be no issue that the second element was proved. Four police officers testified to the intoxicated condition of both the defendant

and Schmoldt. It is the legal sufficiency of the evidence whether the defendant operated the vehicle on the highway which is questioned on this appeal. Since the violation was of an ordinance and not of a criminal statute, the test on review is whether the trial court's finding is against the great weight and clear preponderance of the evidence. For the scope of the review in a criminal case, see *State v. Wickstrom* (1961), 14 Wis. (2d) 416, 111 N. W. (2d) 176, *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304, and *Johns v. State* (1961), 14 Wis. (2d) 119, 109 N. W. (2d) 490.

Schmoldt testified that on September 8th he went to Clintonville about noon to see the defendant. The two of them left Clintonville in the defendant's car with the defendant driving to visit a farmer in Shawano county. After seeing the farmer, the defendant and Schmoldt went to a tavern in Cecil where they stayed approximately three hours playing cards for beer. Schmoldt testified they drank 10 to 12 beers or 8 to 12 beers, and finally between 5 and 15 beers, not indicating whether it was glasses, bottles, or steins. Upon leaving the tavern defendant drove and said he was taking the back road "because the cops wouldn't bother him so much." Apparently between 7 and 8 p. m., they stopped at a restaurant where each of them drank "roughly four to six martinis," although the defendant may have had more. The record is not clear whether they had anything to eat. Schmoldt further testified he did not feel well while at the restaurant so he left and sat on the passenger side of the defendant's car. Sometime later, probably after 10 p. m., the defendant and Schmoldt departed from the tavern with the defendant driving. The next thing Schmoldt remembered was the defendant saying "he seen

four headlights and he was going to pull off to the side and sleep awhile and he was wondering if I had a set time to get home and I said 'No.' " About 1:30 in the morning, a Shawano county traffic officer saw the defendant's car parked on the shoulder of Highway 29 but did not stop to investigate. However, when he returned one-half hour later he again saw the defendant's car and stopped.

The defendant contends all the evidence in the case is circumstantial and insufficient to sustain the finding of a violation of the ordinance, relying on *State v. Hall* (1955), 271 Wis. 450, 73 N. W. (2d) 585. The *Hall Case* involved a criminal statute and this court held the offense was not proved beyond a reasonable doubt, because the circumstantial evidence was not sufficiently strong without corroborating evidence to exclude every reasonable theory of innocence and to overcome the presumption of innocence to which the defendant was entitled. Here the defendant was charged with a violation of a county ordinance and the burden of proof is not to convince the trier of the facts beyond a reasonable doubt of the defendant's guilt but only of a violation by a clear preponderance of the evidence. Nor do we agree the only evidence is circumstantial although circumstantial evidence may speak louder than words. *State v. Johnson* (1960), 11 Wis. (2d) 130, 104 N. W. (2d) 379. The defendant asks us to disregard the corroborating testimony of Schmoldt on the theory the witness was so intoxicated he could not possibly remember any of the events leading up to his being found in the car. We cannot accept the premise on this record that a person cannot remember some of the things which happened during his state of inebriation. An inebriate is not necessarily an amnesiac. The capacity and the resisting power of those who imbibe vary from time to

time, from person to person, and from drink to drink. The argument goes to the credibility of the witness which the trial court as the trier of the facts resolved against the defendant.

It is true, no police officer saw the defendant drive the car. We stated in *Milwaukee v. Richards, supra,* that a person is operating his vehicle on the highway when the car moves. Other states have construed driving or operating to include the mere attempt to operate a vehicle by a person who was under the influence of intoxicants. *Commonwealth v. Clarke* (1926), 254 Mass. 566, 150 N. E. 829; *State v. Webb* (1926), 202 Iowa 633, 210 N. W. 751; *State v. Storrs* (1933), 105 Vt. 180, 163 Atl. 560; *State v. Ray* (1926), 4 N. J. Misc. 493, 133 Atl. 486. See Driving Under the Influence of Intoxicating Liquor—Proof, Prosecution and Defenses, 1958 Wisconsin Law Review, 195; also Anno. Driving While Drunk, 47 A. L. R. (2d) 570. The question is whether the defendant drove the car to the place where he was found. No contention is made that if the defendant did drive the car he did not do so while under the influence of liquor. The defendant argues the evidence allows the inference that someone (possibly a bartender from a nearby tavern) befriended the defendant and Schmoldt, drove them out to the highway, parked the car and left them there. The defendant's inference is based on speculation, not on any facts in the record and while it presents a possibility it does not reach the realm of probability. If someone had befriended the defendant and had driven the car, the defendant would either have been in the rear seat or in the middle of the front seat; the good Samaritan upon parking the car would have had to place the de-

fendant behind the wheel. This last act would hardly be befriending the defendant.

The evidence of drinking, the testimony the defendant traveled the back roads so as not to be bothered by the police, the fact no one else drove the defendant's car during the day but he, and the testimony that the defendant stated he had seen four headlights and was going to pull off to the side of the road and sleep awhile, is sufficient credible evidence from which a trial judge could find the defendant violated the county ordinance in driving his car while under the influence of intoxicating liquor. The statement by the defendant that he saw four headlights and was going to pull off the road has a twofold significance: (1) He was driving, and (2) he was out of touch with reality. Either the oncoming car had two headlights and the defendant thought he had blurred or double vision and therefore he was in no condition to drive; or the oncoming car did have four headlights, which is the fact on most modern cars operating their lights on high beam, and the defendant was in such condition he did not believe what he saw.

This, of course, is not to say every person who is found asleep in his car parked along a public highway with the motor off and somewhat intoxicated may be said to have driven the car under the influence of intoxicating liquor. There may be cases where a person having consumed some liquor drives a car and later decides not to continue, although the liquor may not yet have affected the driver to the point that it could be said he was under the influence of an intoxicant. Later while parked he may reach that state. Such a driver should not be penalized as a drunken driver on such circumstantial evidence for to do so would be wrong and would encourage him to run the risk of con-

tinuing to his destination with the hope of being undiscovered after the influence of the liquor overtakes him. We consider the facts here do not present such a case but rather are sufficient to sustain the finding of the trial court.

*By the Court.*—Judgment affirmed.