CITY OF MILWAUKEE, Respondent, v. JOHNSTON, Appellant.

*October 30—November 26, 1963.*

For the appellant there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Maurice L. Markey,* assistant city attorney, and oral argument by *Mr. Markey.*

HALLOWS, J.   The only issue is whether the finding of the trial court is against the great weight and clear preponderance of the evidence.  The defendant was stopped by a police officer in downtown Milwaukee about 1:30 a. m. on August 16, 1962, after he had observed the defendant driving his automobile in the prohibited direction on a one-way street and failing to signal for a right-hand turn.  The officer after observing and talking with the defendant concluded he was intoxicated and had him taken to the police headquarters.  According to the defendant he had consumed six drinks of scotch and water in the ten hours preceding the arrest.  In the late afternoon he had two drinks while he and his wife were entertaining friends, two with the guests between 6:30 and 9 p. m. while dining at a restaurant, and two at a nightclub after dinner while watching the entertainment. The defendant testified he had an impediment of his speech when nervous, was a victim of infantile paralysis which affected his gait and ability to sit down and stand up, and his face was normally flushed and his eyes watery.  He also testified he was upset upon being stopped by the police, was upset at the police station, and had never been under the influence of an intoxicant.  A specialist in internal medicine testified he had treated the defendant for diabetes, stigma of polio, and other illness and that alcohol aggravates the defendant's diabetic condition.

The arresting officer testified the defendant staggered when he got out of his car, had a strong odor of alcohol, his face was flushed, his eyes watery and bloodshot, his lips purple, and his speech almost incoherent.  The defendant had difficulty finding his driver's license and removing it from his wallet.  He could barely stand up and his knees were

sagging. At the station the defendant's walk was uncertain, his balance poor and he swayed, staggered, and stumbled. A conflict in the evidence exists whether the defendant stated he was too drunk to take a urinalysis test at the station. No such test or other chemical test was taken. Two other police officers who had observed the defendant shortly after his arrest testified the defendant was intoxicated in their opinion based upon their experience with intoxicated persons.

The defendant relies on three contentions why "the judgment is not supported by competent and credible evidence," (1) no improper driving, (2) the arresting officer did not rely on observation in arresting defendant, and (3) the condition of the defendant was compatible with his statement he was not under the influence of an intoxicant. None of these arguments have merit.

It is not claimed the driving in the wrong direction on a one-way street or the failure to give a turn signal was indicative of being under the influence of an intoxicant but was the reason the defendant was stopped by the police officer. Standing alone, driving the wrong way on a one-way street and failure to signal a turn are not indicative of driving under the influence of liquor.[1] A conflict in the testimony exists whether the one-way street was properly marked and the failure to give a right-hand turn signal is not a traffic violation unless "other traffic may be affected by such movement." Sec. 346.34, Stats. No such evidence is in the record. However, improper driving is not an element of the violation of the ordinance. The municipal ordinance, like sec. 346.63, does not require proof of an appreciable interference in the management of a motor vehicle. This element

---

[1] Improper or erratic driving may be physical evidence corroborating other evidence of being under the influence of an intoxicant. *Martell v. Klingman* (1960), 11 Wis. (2d) 296, 308, 105 N. W. (2d) 446; *Schwartz v. Schneuriger* (1955), 269 Wis. 535, 542, 69 N. W. (2d) 756.

formerly required by the statute and recognized in *Stein-krause v. Eckstein* (1920), 170 Wis. 487, 175 N. W. 988, was eliminated in 1929. Ch. 454, Laws of 1929. Only the two elements of operating a vehicle on a highway and under the influence of an intoxicant are now required as proof of a violation under the statute or a similar municipal ordinance. *Milwaukee v. Richards* (1955), 269 Wis. 570, 69 N. W. (2d) 445; *Shawano County v. Wendt* (1963), 20 Wis. (2d) 29, 121 N. W. (2d) 300. In the latter case the defendant was asleep behind the wheel of a car when arrested and there was no proof his intoxication caused him to improperly operate his automobile.

The contention is made that, because the officer immediately arrested the defendant for drunken driving without reliance on observation and because of the absence of objective tests, the corroborating testimony of the other police officers is of little or no weight. But the defendant's version of the arrest is not borne out by the record and scientific tests are not a required proof of intoxication. There is testimony no objective tests in the nature of sobriety or coordination tests were given because either the defendant refused or was too drunk to take them. In explanation, the defendant testified he felt the officers were being unfair to him and that was "perhaps the reason I refused to take the test and everything else." Each of three officers who observed the defendant and testified he was drunk had substantial prior experience in handling and observing persons who were under the influence of intoxicants. "[A] lay witness, who has the opportunity to observe the facts upon which he bases his opinion, may give his opinion whether a person at a particular time was or was not intoxicated." *Kuroske v. Aetna Life Ins. Co.* (1940), 234 Wis. 394, 404, 291 N. W. 384; *Odya v. Quade* (1958), 4 Wis. (2d) 63, 74, 90 N. W. (2d) 96, 103. See also Swietlik, Opinion Evidence in Wisconsin—Non-Expert Witness, 3 Wisconsin

Continuing Legal Education, No. 4 (October, 1963), p. 61. The evaluation of the opinion of such a witness is for the trier of the facts.

The last argument of defendant implies the court could have found he was not under the influence of liquor. But in view of the finding the court made, the defendant's version must be supported by the great weight and clear preponderance of the evidence in order to command a reversal. Admitting as a result of polio the defendant has difficulty walking and getting up from a sitting position and has diabetes, the testimony was his appearance at the time of the trial was "different" than at the time of his arrest. No claim is made the defendant at the time of his arrest was ill or under medication for diabetes. The defendant does claim he was not inebriated and any appearance of intoxication was normal for him or caused by the few drinks aggravating his diabetes. The proof falls far short of sustaining this contention. Intoxicants affect people in different ways and even the same person differently depending upon the circumstances. Tolerance to intoxicants or the ability to consume intoxicants and not reach the point of being under the influence thereof differs widely in persons. If one afflicted with diabetes has a low tolerance to intoxicants or is more susceptible to being influenced by the consumption of intoxicants, it behooves such a person to imbibe less quantitatively to keep within his capacity than his friends who may enjoy greater consumption within their capacity because of their natural or acquired tolerance. A person is chargeable not with knowledge of an objective quantitative standard of drinking but with the knowledge of his own limitations and capacity, and if he chooses to consume intoxicants and to operate a motor vehicle he does so at his own risk.

*By the Court.*—Order affirmed.