CITY OF MILWAUKEE, Respondent, v. THOMPSON, Appellant.

*August 31—September 29, 1964.*

For the appellant there was a brief by *Roland J. Steinle, Jr.,* and *Gregory Gramling, Jr.,* both of Milwaukee, and oral argument by *Mr. Steinle.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Theophilus C. Crockett,* assistant city attorney, and oral argument by *Mr. Crockett.*

HALLOWS, J. The urinalysis test showed 22/100 of 1 percent of alcohol by weight in the defendant's blood which amount under sec. 325.235 (1) (c), Stats., is *prima facie* evidence the defendant was under the influence of liquor. The defendant on this appeal contends: (1) That the proper test upon review where the trial court makes only a general finding of guilty is whether that finding is supported by the preponderance of the evidence, (2) that in the absence of the result of the urinalysis test the finding of the trial court is not supported by the preponderance of the evidence; and (3) it was error for the trial court to consider the result of the urinalysis test and in any event the court should remit the case for further proceedings under its discretionary power of reversal.

The proper test of the court's finding on appeal is whether the finding is against the great weight and clear preponderance of the evidence; if it is not, the finding should be affirmed. *Milwaukee v. Johnston* (1963), 21 Wis. (2d) 411, 124 N. W. (2d) 690; *Shawano County v. Wendt* (1963), 20 Wis. (2d) 29, 121 N. W. (2d) 300. But the defendant contends a mere finding of guilty of an ordinance violation is a general finding and comes under the rule announced in *Weinhagen v. Hayes* (1921), 174 Wis. 233, 178 N. W. 780, *Damman v. Damman* (1911), 145 Wis. 122, 128 N. W. 1062, and *Closuit v. John Arpin Lumber Co.* (1907), 130 Wis. 258, 110 N. W. 222. Those cases deal with a general finding when specific findings of fact were required by statute. The type of finding there discussed was not a true finding of fact but a hybrid composed of fact and a conclusion of law or a determination of

whether the pleadings were or were not proven. The "against the great weight and clear preponderance" rule is not confined to specific findings of fact required in cases governed by sec. 270.33, Stats.

We do not consider a determination that the defendant violated a city ordinance prohibiting the operation of a motor vehicle while under the influence of an intoxicant to be a general finding within the rule contended for by the defendant. Such finding as in this case where the operation of the vehicle is not contested involves only the single question of whether the defendant was under the influence of liquor which he admittedly had drunk. In such a case unless a finding is against the great weight and clear preponderance of the evidence, it will be affirmed.

Defendant argues the result of the urinalysis test should not have been considered by the court because the city did not prove that in making the test the receptacle used by the defendant was uncontaminated. The city's chemist on cross-examination testified that if the receptacle had been cleaned with alcohol or if the receptacle was not perfectly clean the accuracy of the test would be affected. We believe this argument to be immaterial and not controlling on this appeal because there is sufficient evidence to sustain the conviction even if the result of the urinalysis test is disregarded. Scientific tests and appreciable interference with one's driving are not necessary for a conviction for driving a motor vehicle while under the influence of an intoxicant. *Milwaukee v. Richards* (1955), 269 Wis. 570, 69 N. W. (2d) 445; *Milwaukee v. Johnston, supra.*

It is undisputed that when the defendant stopped his car to talk to the arresting officer he slurred the words "Ambassador" and "Wisconsin," he told the officer in response to a question that he had been drinking quite a bit in a tavern although he did not know its location, and he smelled strongly of alcohol. Both the arresting officer and

another officer experienced in dealing with intoxicated people who observed the defendant at the station were of the opinion he was under the influence of intoxicating liquor. Such opinion evidence is competent. *Milwaukee v. Johnston, supra; Odya v. Quade* (1958), 4 Wis. (2d) 63, 90 N. W. (2d) 96. The defendant when he got out of the car at the arresting officer's request staggered and had to support himself against the car; at the station the defendant did poorly in the balance test, walking test, finger-to-nose test, eye test, and the coin test.

Contrary to this evidence the defendant points out that nothing in the manner of operating his auto indicated the defendant was under the influence of an intoxicant, his conversation was courteous and made sense excepting for the one statement he had drunk "10 pounds" of brandy between 8 p. m. and 12:20 a. m., he was co-operative, he was not rowdy, abusive, and disrespectful, that his clothes were orderly and neat except that his sport shirt was not fully tucked in, and he was unable to do better on the alcohol-influence tests because of an arthritic back. The defendant also stresses he would not have stopped his car to ask a policeman direction to a hotel if he were drunk and possibly the officer did not consider the defendant under the influence of liquor because three times he offered to call a taxicab for the defendant to take him to his hotel. However, the defendant insisted he could drive and refused the offer.

While the court could draw inferences from such evidence, it does not constitute the great weight or clear preponderance of the evidence in favor of sobriety. Stopping to ask a policeman a direction does not prove a person is sober. Many people under the influence of liquor do not consider themselves to be. Not all persons who feel "the influence" become rowdies or ungentlemanly. The officer's testimony that he offered to give the defendant a break by

hiring a taxicab is consistent with the defendant's being under the influence of liquor. Such solicitous and friendly treatment by the police officer and his good Samaritan offer ought not to be criticized. Time was when such practice was a more prevalent method of enforcement, at least in small towns.

The evidence sustaining the conviction is not only not against the great weight and clear preponderance of the evidence but clearly constitutes the preponderance of the evidence. In so holding, we have given little credence to the fact the defendant did not pass the test of repeating, "Around the rugged rock the ragged rascal ran;" even some sober people have difficulty with that tongue twister.

*By the Court.*—Order affirmed.