CITY OF MILWAUKEE, Respondent, v. KELLY, Appellant.

*No. 141. Argued September 5, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 271.)

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Theophilus C. Crockett,* assistant city attorney, and oral argument by *Mr. Crockett.*

HALLOWS, C. J.   The defendant claims the evidence is insufficient to sustain the judgment. The evidence discloses that on March 10, 1967, the defendant was involved in an automobile accident on Capitol Drive in the city of Milwaukee. Two lay persons testified it was their opinion the defendant was drunk. A police officer, who arrived at the scene about ten minutes after the accident, testified in effect that defendant was drunk, that he had a strong odor of liquor on his breath, and that the defendant had told him he had drunk ten to twelve 12-ounce bottles of beer. The defendant testified he had two double-shots of brandy after the accident to quiet his nerves in a nearby tavern where he went

to call the police. The defendant further testified he was normally a shaky person, walked in a shaky manner, was a nervous person and had slurred speech. The defendant's wife testified the defendant was not drunk when he left home about two hours before the accident and at 10 p. m., about one and one-half hours after the accident.

The evidence presented a fact issue. The defendant's testimony that he normally walked in a shaky manner and slurred his speech could be accepted and the trier of the facts could still reasonably believe the defendant was under the influence of intoxicating liquor at the time of the accident. A layman's opinion of the state of sobriety is competent and entitled to such probative value as the experience of the witness justifies. *Milwaukee v. Johnston* (1963), 21 Wis. 2d 411, 124 N. W. 2d 690. The officer's testimony was clearly competent and relevant. *Milwaukee v. Thompson* (1964), 24 Wis. 2d 621, 130 N. W. 2d 241.

The city ordinance is patterned after sec. 346.63, Stats., and the two principal elements required to constitute the offense charged, *i.e.*, operating a motor vehicle and being under the influence of an intoxicant, *Milwaukee v. Richards* (1955), 269 Wis. 570, 69 N. W. 2d 445, were proved by clear, sufficient and convincing evidence under the test established for this type of offense in *Madison v. Geier* (1965), 27 Wis. 2d 687, 135 N. W. 2d 761, if the trier of facts believed the witnesses for the prosecution, which the trial court did. A third element, the simultaneous occurrence of the first two elements, is obvious, namely, the operation of the motor vehicle must take place while the operator is under the influence of intoxicating liquor. *See Shawano County v. Wendt* (1963), 20 Wis. 2d 29, 121 N. W. 2d 300. This element is also challenged. But even if the defendant was allergic to brandy, it is hardly human experience he would become intoxicated in ten minutes after the accident.

While a contrary finding might have been made by the trial court, the finding made is not contrary to the great weight and clear preponderance of the evidence and will not be disturbed. *State ex rel. Isham v. Mullally* (1961), 15 Wis. 2d 249, 112 N. W. 2d 701; *Milwaukee v. Johnston, supra.*

We must agree with the trial court that even a man who normally walks in a shaky manner and slurs his speech can get drunk.

*By the Court.*—Judgment affirmed.