CITY OF KENOSHA, Respondent, v. DENNIS, Appellant.

*No. 244. Argued May 5, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 216.)

For the appellant there was a brief and oral argument by *Maurice Schmerling* of Kenosha.

For the respondent there was a brief by *K. Thomas Savage* and *Burton A. Scott,* both of Kenosha, and oral argument by *Mr. Savage.*

CONNOR T. HANSEN, J. The primary issue presented on this appeal is whether the finding of the trial court was against the great weight and clear preponderance of the evidence. *Madison v. Geier* (1965), 27 Wis. 2d 687, 135 N. W. 2d 761.

The defendant's arrest was the result of a police investigation concerning his involvement in a two-car collision on June 17, 1966, at 9:30 p. m. The defendant was driving south on 13th avenue in the city of Kenosha and the car he was driving collided at an intersection with

a car traveling east on 52d street, which is an arterial highway. The defendant testified that he stopped at the stop sign at the intersection of 13th avenue and 52d street, proceeded into the intersection, did not see the other car coming as it was "one of those low cars" and it did not have any lights on, and the collision occurred. After the collision the defendant's car continued on 13th avenue for part of a block; the defendant then backed his car up, got out of the vehicle, and assisted in removing the other vehicle from the intersection.

An acquaintance of the defendant's, Edwin Upton, who observed the accident, testified that the defendant stopped at the stop sign. A boy, who was a disinterested witness, testified that it was his recollection that the defendant did not stop at the stop sign.

The defendant testified he had not consumed any intoxicating beverages, and that there was an odor of ammonia about his person because he had been washing floors with an ammonia-water solution since about 6:30 p. m. Upton was of the opinion that the defendant was not under the influence of an intoxicant.

Three police officers who came to the scene of the accident testified at the trial. Each officer had been a member of the police department for a considerable time and had seen many people under the influence of an intoxicant. As a result of their observation of the defendant at the scene and later at the police department, they testified that in their opinion the defendant was under the influence of an intoxicant.

Each of them testified that the defendant was eating peanuts, had difficulty in talking, and when he did talk he would blow the peanuts out of his mouth; that the defendant was unsteady on his feet, would waver when he walked; that he was uncooperative; that his speech was slurred; and that there was a strong odor of alcohol about his person. The defendant refused to take the alcoholic-influence test because the officers would not request the other driver to do the same.

The defendant attributed his staggering to a 25 percent disability to his foot due to "jungle rot" which he incurred in the army.

When the officers advised the defendant of his constitutional rights at the police station, he said "He wanted his lawyer." One officer testified that when the defendant was permitted to use the telephone he misdialed once or twice.

The trial court did not make specific findings of fact, and the appellant cites *Milwaukee v. Bichel* (1967), 35 Wis. 2d 66, 150 N. W. 2d 419, for the proposition that where the trial court makes no analysis of evidence in his memorandum opinion, this court is obliged to review the evidence *ab initio* to determine whether the trial court's action was proper. Because the appeal was from a directed verdict in *Bichel*, this court viewed the evidence which was most favorable to the defendant.

*Bichel* is distinguishable from this case for the reason that *Bichel* was a jury case which the trial court took from the jury by granting a directed verdict against the defendant.

A case more nearly analogous to this case is *Milwaukee v. Thompson* (1964), 24 Wis. 2d 621, 624, 130 N. W. 2d 241, wherein it was stated:

"We do not consider a determination that the defendant violated a city ordinance prohibiting the operation of a motor vehicle while under the influence of an intoxicant to be a general finding within the rule contended for by the defendant. Such finding as in this case where the operation of the vehicle is not contested involves only the single question of whether the defendant was under the influence of liquor which he admittedly had drunk. In such a case unless a finding is against the great weight and clear preponderance of the evidence, it will be affirmed."

The credibility of the witnesses is to be evaluated by the trial court, and "the inferences to be drawn from the observable facts [are] for the trial court, and unless they

are inherently impossible or unreasonable they should be accepted on appeal." *Madison v. Geier, supra,* page 697.

The finding of the trial court is not against the great weight and clear preponderance of the evidence. "While a contrary finding might have been made by the trial court, the finding made is not contrary to the great weight and clear preponderance of the evidence and will not be disturbed." *Milwaukee v. Kelly* (1968), 40 Wis. 2d 136, 139, 161 N. W. 2d 271.

The defendant also argues that the city failed to prove that the offense charged was committed in Kenosha county, Wisconsin, and failed to prove that the defendant drove his vehicle on a public highway.

In *State v. Coates* (1952), 262 Wis. 469, 471, 55 N. W. 2d 353, it was held:

" 'While direct proof of venue should be made, absence of it does not defeat conviction where inference of it may properly be drawn from circumstantial evidence. Where no witness testifies directly to the venue, it is sufficiently proved if there is reference in the evidence to the locality known or probably familiar to the jury where the act constituting the offense was committed from which the jury may reasonably have concluded that the place was in the county alleged. . . .' "

It is undisputed that the collision occurred at the intersection of 13th street and 52d avenue.

Edwin Upton, the defendant's witness, testified that he lived in Kenosha and was on the way to the grocery store when he saw the defendant coming down 13th street. James Litz, the boy who saw the accident, testified that this intersection is within the city of Kenosha. The defendant himself testified he stopped at the stop sign at the intersection and when he started out again, "bang, it hit."

We consider it entirely proper to take judicial notice that the city of Kenosha is in Kenosha county.

Also we are completely satisfied that the accident occurred on a premise "held out to the public for use of their motor vehicles" as defined by sec. 346.61, Stats., and as adopted by sec. 7.01 of the Code of General Ordinances of the City of Kenosha.

*By the Court.*—Judgment affirmed.