CITY OF FOND DU LAC, Respondent, v. HERNANDEZ,
Appellant.*

*No. 240. Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 408.)

* Motion for rehearing denied, without costs, on June 27, 1969.

474

For the appellant there were briefs and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief by *Henry B. Buslee,* city attorney, and oral argument by *Louis J. Andrew, Jr.,* assistant city attorney.

BEILFUSS, J.   The sole issue in the case deals with the adequacy of the trial court's instructions with reference to driving while under the influence of an intoxicant. Specifically objected to are the following passages:

"In order to find the defendant guilty of operating while under the influence of an intoxicant, you must believe he was under the influence by clear, satisfactory, and convincing proof.  As far as driving the car is concerned, the defendant admits he was driving the automobile.

"And in reference to the consumption of alcohol, beer is intoxicating within the meaning of the City Ordinance.

"There was in force and effect at the time and place of the alleged offenses a City Ordinance which charges it is unlawful for any of the following to operate an automobile, as follows: 'A person who is under the influence of an intoxicant.'

"The expression 'under the influence of an intoxicant' covers not only all the well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, including beer, and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess.

"A person who is even to the slightest extent under the influence of an intoxicant in the common and well-understood acceptation of the term is—to some degree at least—less able either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a

modern motor vehicle with safety to himself and the public. Not every man who has consumed alcoholic beverages falls within the ban of the statute. If that consumption of alcoholic beverages does not cause him to be influenced in the ordinary and well understood meaning of the term, he is not under the influence of an intoxicant within the meaning of the statute or ordinance in this particular case.

" . . .

"The arguments of counsel, if they are relative, you may take the statements of counsel into consideration, but what they say is not evidence; it is merely what they wanted to emphasize and what they wanted to bring to your attention; however, I think it is pertinent that you understand the pertinent parts of the statute concerning chemical tests of persons suspected of being under the influence of alcohol. It is known as '885.235 Chemical tests for intoxication.' The pertinent parts of this Statute read as follows:

" 'In any action or proceeding in which it is material to prove that a person was under the influence of an intoxicant while operating or handling a vehicle, evidence of the amount of alcohol in such person's blood at the time in question as shown by chemical analysis of a sample of his blood is admissible on the issue of whether he was under the influence of an intoxicant if such sample was taken within 2 hours after the event to be proved. Such chemical analysis shall be given effect as follows without requiring any expert testimony as to its effect:'

"There are three paragraphs. The first paragraph reads as follows:

" 'The fact that the analysis shows that there was five-hundredths or point one five of one percent or less by weight of alcohol in the person's blood is prima facie evidence that he was not under the influence of an intoxicant.'

"Paragraph (b) reads as follows:

" 'The fact that the analysis shows that there was more than point one five but less than fifteen-hundredths of one per cent by weight of alcohol in the person's blood is relevant evidence on the issue of intoxication but is not to be given any prima facie effect.'

"Now, Paragraph (c)—

" 'The fact that the analysis shows that there was point one five or more than fifteen hundredths of one per cent by weight of alcohol in the person's blood is prima facie evidence that he was under the influence of an intoxicant, but shall not, without corroborating physical evidence thereof, be sufficient upon which to find the person guilty of being under the influence of intoxicants.'

"Now, in the law 'prima facie' means that the fact has been established unless rebutted by—in this case it would have to be rebutted by the defendant's testimony."

The trial court also instructed the jury on its duty to weigh all the evidence and its duty to determine the credibility of the witnesses.

In support of his argument that the instructions were erroneous, the defendant contends:

(1) The trial court erred in not instructing that the influence of intoxicants must be such as to affect the defendant's ability to drive with due regard for the safety of himself and others;

(2) The trial court erred in not instructing that the blood tests with corroborating evidence are not conclusive; and

(3) The court erred in instructing: "Now, in the law 'prima facie' means that the fact has been established unless rebutted by—in this case it would have to be rebutted by the defendant's testimony."

Defendant's first contention was met in *Milwaukee v. Richards* (1955), 269 Wis. 570, 577, 69 N. W. 2d 445, where the court held:

"It remains, then, that the only two elements involved in proving a person guilty of violating the code, or statute, making it unlawful for a person to operate a vehicle upon any highway while he is under the influence of liquor, are: (1) That he be operating a vehicle on the highway; and (2) that he be under the influence of intoxicants. If an operator is driving a vehicle on the highway and is under the influence of intoxicants within the definition of sec. 85.13 (2), Stats. 1951, he is violat-

ing the law as soon as he sets his car in motion on the highway." *See also, Milwaukee v. Johnston* (1963), 21 Wis. 2d 411, 124 N. W. 2d 690.

Defendant's second contention is discussed in the Comment to Wis J I—Criminal, Part I, 230:

"(2) The second problem, and one which relates directly to the issue of instructions, is whether the judge, having decided to submit the case to the jury, should also instruct the jury on the effect of the statutory prima facie case. There appears to be no settled law on this question. The proposed instruction proceeds on the assumption that it is proper and desirable for the judge to tell the jury that the legislature has provided that they may find the person guilty of being under the influence of an intoxicant based upon the finding that his blood alcohol was .15% or more by weight plus corroborating physical evidence, but that they need not do so unless they are satisfied, upon all of the evidence, . . ."

It would appear that the instructions found in Wis J I —Criminal, Part I, 230, 232, modified to the standard of proof required in municipal ordinance cases, would be preferable to those given in this case—a mere reading of the statute. The instruction might have been misleading because it did not relate the evidence of being under the influence to the required degree of proof. However, the instruction as given was not erroneous and is not prejudicial error.

Immediately after reading the statute on chemical tests for intoxication (sec. 885.235), the trial court stated: "Now, in the law 'prima facie' means that the fact has been established unless rebutted by—in this case it would have to be rebutted by the defendant's testimony." It is true that at several points during the giving of the instruction the trial court cautioned the jury to consider all the evidence. The court prefaced its remarks concerning sec. 885.235, Stats., with, "I think it is pertinent that you understand the pertinent parts of the statute concerning chemical tests of persons sus-

pected of being under the influence of alcohol." The court concluded that part of the instruction with ". . . in this case it would have to be rebutted by the defendant's testimony." There was no further admonition as to what other evidence the jury could consider, or that other favorable evidence could rebut the city's case.

We cannot conclude that the instruction given was prejudicial error or even that it was erroneous.

The record on appeal does not contain a transcript of the testimony nor do the other documents sufficiently reveal the evidence offered and received.[1] If the testimony of the defendant was the only evidence to rebut the proof offered by the city the instruction was not erroneous.

Sec. 274.37, Stats., provides:

"**Judgments; application to reverse or set aside; new trial; reversible errors.** No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, *on the ground of misdirection of the jury,* or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial." (Emphasis added.)

Without a transcript to examine, it cannot be said the challenged instruction was erroneous or that it appears "that the error complained of has affected the substantial rights" of the defendant.

We find no prejudicial error.

*By the Court.*—Judgment affirmed.

[1] *See Stelloh v. Liban* (1963), 21 Wis. 2d 119, 124 N. W. 2d 101; *Ramminger v. State Highway Comm.* (1963), 22 Wis. 2d 194, 125 N. W. 2d 406; *Gray v. Wisconsin Telephone Co.* (1966), 30 Wis. 2d 237, 140 N. W. 2d 203.