STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Joseph GAUDESI, Defendant-Appellant.

Supreme Court

*No. 82–523–CR. Argued March 30, 1983.—Decided April 26, 1983.*

(Also reported in 332 N.W.2d 302.)

214

For the petitioner there was a brief by *Celia M. Jackson,* assistant district attorney, with whom on the brief was E. *Michael McCann,* district attorney for Milwaukee county, with oral argument by *Ms. Jackson* and *Robert Donohoo,* assistant district attorney, all of Milwaukee.

For the defendant-appellant there was a brief (in court of appeals) by *James K. Muehlbauer, Frank J. Schiro* and *Salza & Schiro, Ltd.,* Milwaukee, and oral argument by *Frank J. Schiro.*

WILLIAM G. CALLOW, J. This review arises out of an unpublished decision of the court of appeals which reversed a judgment of conviction against Joseph Gaudesi for operating a motor vehicle while under the influence of an intoxicant in violation of sec. 346.63(1), Stats., 1979–80.[1] The judgment was entered by the Milwaukee county circuit court, Judge Joseph P. Callan, following a jury trial.

---

[1] Sec. 346.63(1), Stats., 1979–80, provides:

"**Operating under influence of intoxicant.** (1) No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

Gaudesi was arrested on November 11, 1980, and charged with violating sec. 346.63(1), Stats., 1979–80. [All references in this opinion are to the 1979–80 statutes unless otherwise indicated.] The criminal complaint stated[2] that on November 11, 1980, Milwaukee County Deputy Sheriff Robert Hillman saw Gaudesi driving a vehicle on the highway and subsequently stopped him. According to the complaint, Deputy Sheriff Hillman concluded Gaudesi was intoxicated after observing that his breath had a strong odor of alcohol, his eyes were red and glassy, and his balance was poor.

Prior to trial, Gaudesi brought a motion to dismiss on the ground that the complaint was insufficient to establish probable cause. He argued that the complaint was defective in that it failed to set forth the essential facts constituting the offense charged as required by sec. 968.01, Stats. The trial court denied the motion, ruling that the complaint was sufficient.

---

[2] The criminal complaint provides in pertinent part:

"THE ABOVE NAMED COMPLAINING WITNESS BEING DULY SWORN SAYS THAT THE ABOVE NAMED DEFENDANT IN THE COUNTY OF MILWAUKEE, STATE OF WISCONSIN,

"on 11/11/80, at I–94 e/b at 70th St., Milwaukee, a highway, did unlawfully drive a motor vehicle, Oldsmobile, while under the influence of an intoxicant, contrary to Wisconsin Statutes sections 346.63(1) and 346.65(2).

"Upon conviction of this offense, the maximum possible penalty shall be a fine of not less than $250 nor more than $1000 and imprisonment for not less than 5 days nor more than 6 months.

"Complainant further states that he is a Milwaukee County Deputy Sheriff, that on the abovestated date at the abovestated location he personally observed the defendant driving the above-described vehicle; further, that the defendant was stopped by the complainant and complainant observed that defendant had a strong odor of alcohol on his breath, his eyes were red and glassy and his balance was poor; that based upon the above observations the complainant believed the defendant to be intoxicated."

The case proceeded to trial on July 29, 1981. The state's only witness was Deputy Sheriff Hillman. He testified that at approximately 7 p.m. on November 11, 1980, he observed Gaudesi driving erratically on the highway—i.e., he was weaving between lanes. Deputy Sheriff Hillman stopped Gaudesi and asked to see his driver's license. When Gaudesi stated that he did not have his license with him, Hillman asked for his name and date of birth. At this point Hillman noticed that Gaudesi's breath had a strong odor of alcohol, his speech was slurred, and his eyes were red and glassy. Hillman asked Gaudesi to step out of his car and to perform three sobriety tests. Gaudesi was asked to recite the alphabet, close his eyes and touch his finger to his nose, and walk a line heel-to-toe. While attempting to perform the tests, he showed poor balance. After Gaudesi failed all three tests, Hillman concluded that he was intoxicated and placed him under arrest for operating a vehicle while under the influence of an intoxicant.

Gaudesi's version of the incident is significantly different. He testified that at about 5:20 p.m. on November 11, 1980, he went to a bar. During the one and one-half hours he was there, he had two or three mixed drinks. He also called a friend, Paul Miller, to arrange for a ride home as he had to drop off his car at a service station later that evening. Gaudesi stated that he left the bar at approximately 6:45 p.m. On his way to the service station, he noticed something was wrong with his automobile. The rear end of the car began to wobble. In an effort to diagnose the problem, he changed lanes a number of times and varied his speed. It was at this time that Deputy Sheriff Hillman pulled him over, made him take the sobriety tests, and placed him under arrest. Gaudesi testified he informed Hillman that a mechanical problem caused the erratic movements of his car but that Hillman made no effort to investigate. Gaudesi

stated that, when he picked up his car the next day, it had a flat tire. Gaudesi also testified that the consumption of alcoholic beverages did not influence his driving on November 11, 1980.

Gaudesi introduced the testimony of two other witnesses. The bartender who served Gaudesi on November 11, 1980, testified that he did not appear to be intoxicated or under the influence of an intoxicant on that date. In addition, Paul Miller testified that, when he spoke to Gaudesi over the telephone at about 6:30 p.m. on November 11, 1980, Gaudesi was lucid and spoke normally.

At the close of the evidence defense counsel requested an instruction on a theory of defense.[3] The defense was that any erratic driving by Gaudesi during the incident was caused by the defective condition of his automobile, not the consumption of alcohol. The trial court denied the instruction, ruling that it was not supported by credible evidence and would be cumulative.

The jury found Gaudesi guilty of driving while under the influence of an intoxicant. Gaudesi brought a postconviction motion for a new trial on the ground that the theory of defense instruction was improperly denied. The trial court denied the motion and entered judgment on the verdict.

---

[3] The theory of defense instruction submitted by defense counsel provided:

"It is the Defendant, JOSEPH GAUDESI'S, hypothesis or theory of defense that the manner in which his vehicle was operated on I-94 eastbound on November 11, 1980 was affected, if at all, by the condition of his automobile and not by the consumption of alcohol.

"You should consider this theory or hypothesis in analyzing the relevant evidence.

"If you so find this theory or hypothesis to be consistent with the other relevant evidence, you should accept this as being consistent with his innocence, and you must adopt this or any other theory consistent with innocence and return a not guilty verdict."

Gaudesi appealed, raising the following issues: (1) The complaint was insufficient, (2) the evidence presented at trial was insufficient for the jury to find Gaudesi guilty beyond a reasonable doubt, and (3) the trial court erroneously denied the theory of defense instruction. The court of appeals reversed the judgment of conviction, holding that the complaint was insufficient. In reaching this conclusion, the appellate court found that the complaint failed to recite the elements of the offense charged and, therefore, did not establish probable cause. The court of appeals did not reach the remaining issues. We granted the state's petition for review. The issues presented on this review are the same as those raised before the court of appeals.

## I. SUFFICIENCY OF THE COMPLAINT

This court has often stated that a complaint is a self-contained charge. It must set forth facts which would lead a reasonable person to conclude that a crime had probably been committed and that the defendant named in the complaint was probably the culpable party.[4] *State v. Haugen,* 52 Wis. 2d 791, 793, 191 N.W.2d 12 (1971). "The test under Wisconsin law of the sufficiency of the complaint is one of 'minimal adequacy, not in a hypertechnical but in a common sense evaluation, in setting forth the essential facts establishing probable cause.'" *State v. Olson,* 75 Wis. 2d 575, 581, 250 N.W.2d 12 (1977) [quoting *State ex rel. Evanow v. Seraphim,* 40 Wis. 2d 223, 226, 161 N.W.2d 369 (1968)]. We have

---

[4]Sec. 968.01, Stats., provides:

"**Complaint.** The complaint is a written statement of the essential facts constituting the offense charged. It may be made on information and belief. It shall be made upon oath before a district attorney or judge as provided in this chapter."

held that a complaint adequately establishes probable cause if it answers the following five questions:

"(1) Who is charged?; (2) What is the person charged with?; (3) When and where did the alleged offense take place?; (4) Why is this particular person being charged?; and (5) Who says so? or How reliable is the informant?" *State v. White*, 97 Wis. 2d 193, 203, 295 N.W.2d 346 (1980); *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d 223, 229–30, 161 N.W.2d 369 (1968).

In the instant case there is no dispute that the complaint satisfactorily answers the first, second, third, and fifth questions.[5] The parties disagree, however, as to whether the complaint establishes why Gaudesi was charged.

Facts which tend to prove the elements of the offense answer why the defendant is being charged. Before a defendant can be convicted of violating sec. 346.63(1), Stats., the state must prove two elements: (1) that the defendant was driving or operating a motor vehicle, and (2) that the defendant was under the influence of an intoxicant at the time he or she was driving or operating the motor vehicle. *State v. Burkman*, 96 Wis. 2d 630, 644, 292 N.W.2d 641 (1980). Gaudesi contends that the second element of sec. 346.63(1) is satisfied only when it is established that the defendant's driving was actually influenced by an intoxicant. Accordingly, he asserts that the complaint is insufficient because it fails to state facts indicating that the consumption of alcohol influenced his driving. The court of appeals apparently agreed, noting that the complaint should have

---

[5] The complaint (*See supra* note 2) clearly established that: (1) the person being charged was Joseph Gaudesi; (2) he was being charged with operating a vehicle while under the influence of an intoxicant in violation of sec. 346.63(1), Stats.; (3) the alleged offense took place on November 11, 1980, in Milwaukee, Wisconsin, on Interstate Highway 94 at 70th Street; and (5) the informant was Deputy Sheriff Hillman who is considered reliable by virtue of his employment.

stated that Deputy Sheriff Hillman observed Gaudesi driving erratically.

Gaudesi clearly misinterprets sec. 346.63 (1), Stats. We have expressly held that improper driving is not an element of the offense. Although erratic driving may be evidence that the defendant is under the influence of an intoxicant, the statute "does not require proof of an appreciable interference in the management of a motor vehicle." *Milwaukee v. Johnston*, 21 Wis. 2d 411, 413, 124 N.W.2d 690 (1963) ; *City of Omro v. Brooks*, 104 Wis. 2d 351, 357, 311 N.W.2d 620 (1981). The state need only prove that the defendant was driving a motor vehicle and was under the influence of an intoxicant at the time.

The complaint in this case clearly sets forth the first element of sec. 346.63 (1), Stats., by stating that Deputy Sheriff Hillman saw Gaudesi driving a motor vehicle. It also adequately addressed the second element. The complaint stated that Deputy Sheriff Hillman observed that Gaudesi's breath had an odor of alcohol, his eyes were red and glassy, and his balance was poor. These facts indicated that Gaudesi was under the influence of an intoxicant. By addressing both elements of the offense, the complaint adequately answers why Gaudesi was charged. Since all five questions under *White* were answered by the complaint, it established probable cause. Accordingly, we conclude that the complaint was sufficient.[6]

---

[6] In its opinion the court of appeals stated: "The complaint fails to state the reasons for stopping Gaudesi." This language suggests that the court of appeals found the complaint defective for failing to establish probable cause for the stop. This issue was waived by Gaudesi during oral argument to this court, and therefore, we do not address it.

## II. SUFFICIENCY OF THE EVIDENCE

Gaudesi contends that the evidence adduced at trial was not sufficient to support the verdict. When sufficiency of the evidence is challenged, the test is whether this court can conclude that the trier of fact could reasonably be convinced that the defendant was guilty beyond a reasonable doubt.

"Reversal is only required when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.'" *State v. Burkman*, 96 Wis. 2d at 643.

In the instant case Deputy Sheriff Hillman's testimony tended to prove both elements of sec. 346.63(1), Stats. He stated that he saw Gaudesi drive erratically. He also testified that Gaudesi's breath had an odor of alcohol, his speech was slurred, his balance was poor, his eyes were red and glassy, and he failed three sobriety tests. On the basis of these factors, Deputy Sheriff Hillman opined that Gaudesi was intoxicated. In *Burkman* we held that very similar evidence was sufficient to prove that the defendant was driving while under the influence of an intoxicant. We come to the same conclusion in this case. Viewing the evidence most favorably to the state and the conviction, we cannot conclude as a matter of law that no trier of fact could be convinced that Gaudesi was guilty beyond a reasonable doubt. Therefore, we hold that the evidence was sufficient to support the jury verdict.

## III. THEORY OF DEFENSE

Gaudesi's final argument is that the trial court erred in refusing to give his proposed theory of defense instruction.[7] The defense was that a mechanical problem caused his automobile to move erratically on November 11, 1980, not the consumption of alcohol.

In *Turner v. State,* 64 Wis. 2d 45, 51, 218 N.W.2d 502 (1974), we held that a defendant is generally entitled to an instruction on a valid applicable theory of defense. However, the instruction must be requested and supported by the evidence. Where a defendant appeals from the denial of a requested instruction, the evidence is to be viewed in the light most favorable to the defendant. *Johnson v. State,* 85 Wis. 2d 22, 28, 270 N.W.2d 153 (1978).

We conclude that the trial court did not err in denying the theory of defense instruction in this case. The defense raised by Gaudesi was not valid. The evidence of a mechanical problem with the automobile did not rebut the state's proof that he was driving while under the influence of an intoxicant. Rather, it merely supported the contention that his driving was not visibly influenced by the consumption of alcohol. We have already determined that erratic driving is not an element of sec. 346.63(1), Stats. Thus even assuming a mechanical problem caused the erratic movement of Gaudesi's automobile, this would not be a defense to the crime charged.

*By the Court.*—The decision of the court of appeals is reversed.

---

[7] *See supra* note 3.