STATE of Wisconsin, Plaintiff-Respondent,

v.

David A. WAALEN, Defendant-Appellant.†

Court of Appeals

*No. 84–2133–CR. Submitted on briefs April 8, 1985.—*
*Decided June 11, 1985.*
(Also reported in 371 N.W.2d 401.)

† Petition to review granted.

For the appellant there were briefs by *Steven D. Phillips,* assistant state public defender.

For the respondent there was a brief by *John A. Lang,* assistant district attorney for Polk County, Balsam Lake.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J.    David Waalen appeals a judgment convicting him of operating a motor vehicle while under the influence of an intoxicant, contrary to sec. 346.63 (1), Stats.  He argues that the jury should have been instructed that his ability to operate the vehicle must have been "materially" or "substantially" impaired.  Because the trial court's instruction correctly stated the law, we affirm.

Waalen argues that the trial court's departure from the pattern jury instruction, Wis JI—Criminal 2663 (1982), prejudiced him.  The pattern instruction states:

"Under the influence" of an intoxicant means that a driver's ability to operate a vehicle is *materially* impaired because of his consumption of an alcoholic beverage.

Not every person who has consumed alcoholic beverages is "under the influence" as that term is used here. What must be established is that the person has consumed a sufficient amount of alcohol to cause him to be *substantially* less able to exercise the clear judgment and steady hand necessary to handle and control a motor vehicle.

It is not required that impaired ability to operate be demonstrated by particular acts of unsafe driving.  What is required is that the person's ability to safely control his vehicle be *materially,* that is *substantially,* impaired. [Footnote omitted.  Emphasis added.]

This instruction uses the Wisconsin Criminal Code definition of "under the influence."  *See* sec. 939.22 (42), Stats. The Criminal Jury Instructions Committee's comment to this instruction states that the phrase "under the influence" is not defined in the Motor Vehicle Code,

which prohibits operating under the influence. The committee concluded that the same definition should apply to all offenses involving the phrase "under the influence."

The trial court instructed the jury as follows:

The phrase "under the influence of an intoxicant" covers not only all the well-known and easily recognized conditions and degrees of intoxication but any abnormal mental or physical conditions which is [*sic*] the result of indulging in any degree in intoxicating liquors, including beer, which tends to deprive one of that clearness of intellect and self-control which one would otherwise possess.

Not every person who has consumed alcoholic beverages falls within the ban of the statute. If that consumption of alcoholic beverages does not cause the person to be influenced in the ordinary and well-understood meaning of the term, the person is not under the influence of an intoxicant within the meaning of the statute.

This instruction parallels the pattern instruction before its revision in 1982. The Criminal Jury Instructions Committee's comment to this earlier version concluded that "substantial" and "material" impairment was not required in order to violate the provisions of the Motor Vehicle Code.

■

A trial court has wide discretion in instructing the jury, including both the choice of language and the emphasis used in a jury instruction. *State v. Turner,* 114 Wis. 2d 544, 551, 339 N.W.2d 134, 138 (Ct. App. 1983). The instructions, however, must fully and fairly state the law that applies to the case and assist the jury in analyzing the evidence. *Id.*

The trial court fully and fairly stated the law in instructing the jury. In order to prove a violation of driving while under the influence, it is not necessary to show that consumption of the intoxicant appreciably interfered with the defendant's ability to drive. *State v. Gaudesi,* 112 Wis. 2d 213, 221, 332 N.W.2d 302, 305 (1983); *City*

*of Milwaukee v. Richards,* 269 Wis. 570, 576–77, 69 N.W. 2d 445, 448 (1955). Proof of a "material" or "substantial" impairment in the defendant's ability to drive is therefore not a requirement for convicting a person of driving under the influence.

The present version of the pattern jury instruction improperly uses the criminal code definition of "under the influence," sec. 939.22(42), Stats. The sec. 939.22 definitions apply to chs. 939 through 948, Stats. Operating while intoxicated is a motor vehicle code violation, sec. 346.63(1), not a criminal code violation.

Waalen argues that deleting "material" or "substantial" impairment from the jury instruction creates an anomalous situation. Persons prosecuted for more serious crimes, such as homicide while intoxicated, sec. 940.-09(1), Stats., under the Criminal Code, may be convicted only upon proof of a higher state of intoxication than required to convict a violator of the Motor Vehicle Code. The lack of legislation to correct this illogical distinction, however, is a "common sense" policy issue that should be addressed to the legislature. *See State v. Richards,* 123 Wis. 2d 1, 11–13, 365 N.W.2d 7, 12 (1985). We note that even at the time the committee revised the pattern instruction in 1982, the legislature clearly intended to facilitate the prosecution of persons operating while under the influence of intoxicants. *See* sec. 1051(13), ch. 20, 1981 Wis. Laws.

We conclude that the trial court properly departed from the pattern instruction. We therefore affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.