STATE of Wisconsin, Plaintiff-Respondent,

v.

Gerald PENZKOFER, Defendant-Appellant.

Court of Appeals

*No. 93–2800–CR. Submitted on briefs April 11, 1994.—Decided April 26, 1994.*

(Also reported in 516 N.W.2d 774.)

On behalf of defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *William A. Pangman & Associates, S.C.* of Waukesha.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Gerald Penzkofer appeals a judgment of conviction for three counts of causing injury by intoxicated use of a vehicle. He claims that the trial court erred by admitting blood test results because the certified laboratory assistant withdrew Penzkofer's blood in violation of § 343.305(5)(b), STATS. This statute provides: *"Blood may be withdrawn . . . to* determine the presence or quantity of alcohol . . . *only by a physician*, registered nurse, medical technologist, physician's assistant *or person acting under the direction of a physician."* (Emphasis added.) Penzkofer argues that an act pursuant to a general authorization does not constitute an act "under the direction" of a physician. We conclude that the evidence establishes that the sample was withdrawn under the direction of a physician and affirm.

■■■■

When construing a statute, the first resort is to the language of the statute itself. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47, 49 (1986). A statute must be interpreted on the basis of the plain meaning of its terms. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986). The application of a statute to an undisputed set of facts presents a question of law that this court reviews without deference to the trial court. *See Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146-47 (1979). Because the stat-

ute is not ambiguous and the hospital procedure met its requirements, Penzkofer's rights were not violated.

The facts are undisputed. Penzkofer was injured when the vehicle he was driving collided with another, and he was transported to Good Samaritan Hospital in Merrill. He was placed under arrest for OWI by a sheriff's deputy who observed him, and he agreed to submit to a blood test. A certified laboratory technician, Bonnie Noonan, withdrew a sample of Penzkofer's blood. Her duties include operation of chemistry instruments, drawing of patients' blood, bacteriology, urinalysis and blood banking. The hospital pathologist in charge at the time of the incident testified that Noonan performs these laboratory functions under his general supervision and direction. He identified a written hospital protocol setting forth the detailed procedures that must be followed by the technician. These procedures were reviewed, revised, and the protocol was dated and signed by the physician. The physician testified that he did not "stand over her shoulder" because "Then I might as well draw it myself . . . or I'm busy with other work . . . so I couldn't be two places at one time."

Penzkofer argues that the physician must give an express authorization for each occasion that blood is withdrawn. He refers to Webster's New World Dictionary 389 (3d ed. 1988), which defines "direction" as: "The act of directing; management; supervision . . . an authoritative order or command." The State notes that the New World Dictionary does not require "presence" or a "case specific authoritative command." It also notes that Webster's Third New Int'l Dictionary 640-41 (Unabr. 1986) provides thirteen definitions, with far more subdefinitions, none of which requires presence or a case specific authoritative command.

Penzkofer argues that the statute is penal in nature and must be strictly construed in favor of the accused. *See State v. Clausen,* 105 Wis. 2d 231, 239, 313 N.W.2d 819, 823 (1982). Penal statutes, however, "should not be given 'the narrowest possible construction' if that would contravene the statute's purpose." *In re C.G.,* 154 Wis. 2d 298, 303, 453 N.W.2d 494, 496 (Ct. App. 1990).

We conclude that the procedure used here meets the legislature's concern for testing in such a manner as to yield reliable and accurate results. Hospital laboratories are subject to detailed and stringent standards in almost every aspect of their facilities and services. *See* WIS. ADMIN. CODE § HSS 124.17. Penzkofer's concern for safety and accuracy are addressed by these standards as well as the procedures in place here. The certified lab assistant followed a written protocol approved and kept current by the pathologist. As the trial court noted, the legislature could have chosen to require the test to be taken by or taken in the presence of a physician, but it did not. Absent such a requirement, there is no discernable safeguard in a requirement for an individual directive in each case.

We conclude that the statute does not require a specific order from a physician in each individual case, and the evidence establishes that the procedure followed here falls within the requirement of the statute.

*By the Court.*—Judgment affirmed.