COURT OF APPEALS
DECISION
DATED AND FILED

August 29, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2300-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2017CT111**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

KARI E. MRAVIK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for La Crosse County: ELLIOTT M. LEVINE, Judge. *Affirmed*.

¶1 BLANCHARD, J.[1] Kari E. Mravik appeals a judgment of conviction for operating while intoxicated (OWI), as a second offense. She also

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

challenges a guilty verdict for operating a motor vehicle with a prohibited alcohol concentration, as a second offense, although she acknowledges that I need reach this issue only in the event that I reverse the OWI conviction.

¶2 In her challenge to the OWI conviction, Mravik argues that the circuit court erroneously exercised its discretion when it denied her request to make one modification to WIS JI—CRIMINAL 2663 (2018) ("Instruction 2663"), which is the pattern jury instruction regarding OWI as a criminal offense. Mravik argues that Instruction 2663 misstates the proper legal standard because it omits the word "materially," in what she says should be the phrase "was *materially* impaired," in the course of defining what it means for an operator to be "under the influence of an intoxicant." For the following reasons, I disagree with Mravik and accordingly affirm.

## BACKGROUND

¶3 Mravik was charged with one count of OWI, in violation of WIS. STAT. § 346.63(1)(a), and one count of operating with a prohibited alcohol concentration, in violation of § 346.63(1)(b), both as second offenses. *See* WIS. STAT. § 346.65(2)(am)2. No facts related to her arrest and charging are pertinent to the issue raised in this appeal.

¶4 The OWI statute, WIS. STAT. § 346.63(1)(a), provides in pertinent part that "[n]o person may drive or operate a motor vehicle while … [u]nder the influence of an intoxicant." At a jury trial, the circuit court proposed to give Instruction 2663, the pattern instruction for OWI charges. In pertinent part, Instruction 2663 defines "Under the Influence of an Intoxicant" as follows:

"Under the influence of intoxicant" means that the Defendant's ability to operate a vehicle was impaired because of consumption of an alcoholic beverage.

Not every person who has consumed alcoholic beverages is "under the influence" as that term is used here. What must be established is that the person has consumed a sufficient amount of alcohol to cause the person to be less able to exercise the clear judgment and steady hand necessary to handle and control a motor vehicle.

It is not required that impaired ability to operate be demonstrated by particular acts of unsafe driving. What is required is that the person's ability to safely control the vehicle be impaired.

WISCONSIN JI—CRIMINAL 2663 (2018).

¶5     Mravik requested that the court modify one aspect of one definition contained in Instruction 2663. Specifically, she requested that the court insert the word "materially" before the word "impaired" in the first paragraph of the definition of "under the influence of an intoxicant," so that the paragraph would read, "Under the influence of intoxicant means that the [d]efendant's ability to operate a vehicle was *materially* impaired because of the consumption of an alcoholic beverage." Mravik argued that this was necessary, because otherwise the instruction would not be consistent with the statutory definition of "under the influence of an intoxicant" in the criminal code, which includes the phrase "materially impaired."[2]     *See* WIS. STAT. § 939.22(42) ("the actor's ability to operate a vehicle … is *materially* impaired because of his or her consumption of an alcohol beverage") (emphasis added). As discussed in more detail below, Mravik's argument rests on the fact that omission of the word "materially" in the definition of "under the influence of an intoxicant" in Instruction 2663 differs

_____

[2] All references to the criminal code are to WIS. STAT. ch. 939 to 951. *See* WIS. STAT. § 939.01. All references to the motor vehicle code are to WIS. STAT. ch. 340 to 349, 351.

from the criminal code definition in § 939.22(42), which is used in the pattern jury instruction for injury by intoxicated use of a vehicle. *See* WIS. STAT. § 940.25(1)(a) (injury by intoxicated use of a vehicle); WIS JI—CRIMINAL 1262 (Jury instruction for § 940.25(1)(a)).

¶6 The circuit court denied Mravik's request. Mravik renewed this request at the close of evidence and the court denied it again. The court accordingly instructed the jury on the elements of an OWI offense using the Instruction 2663 without the modification sought by Mravik.[3] Mravik was convicted on both counts. By operation of statute, the circuit court entered a judgment of conviction on the OWI count. *See* WIS. STAT. § 346.63(1)(c). Mravik appeals the judgment.[4]

## DISCUSSION

¶7 Mravik argues that the circuit court's decision not to use the phrase "materially impaired" in the definition of "under the influence of an intoxicant" in Instruction 2663 (instead of sticking with the unqualified "impaired," as in the unmodified Instruction 2663) constitutes an erroneous exercise of discretion, and also violated her right to due process. Her argument is based on the fact that the statutory definition in the criminal code uses the phrase "materially impaired," not just "impaired." I conclude that the definition of "under the influence of an

---

[3] The instruction given to the jury here contained minor modifications to the wording of Instruction 2663, but the only aspect of Instruction 2663 disputed in this appeal is the one that I address in the text of this opinion.

[4] As noted, Mravik concedes that if I reject her argument regarding the OWI conviction, her argument regarding the prohibited alcohol concentration guilty verdict is moot. Because I reject her OWI argument, I do not address her challenge to the prohibited alcohol concentration guilty verdict.

intoxicant" in Instruction 2663 given here, read as a whole, communicated the pertinent law.

¶8 The purpose of a jury instruction is "to fully and fairly inform the jury of a rule or principle of law applicable to a particular case." *Nommensen v. American Cont'l Ins. Co.*, 2001 WI 112, ¶36, 246 Wis. 2d 132, 629 N.W.2d 301. In determining whether a challenged jury instruction correctly informs the jury, I review "'the jury instructions as a whole to determine whether the overall meaning communicated by the instructions was a correct statement of the law.'" *State v. Langlois*, 2018 WI 73, ¶38, 382 Wis. 2d 414, 913 N.W.2d 812 (quoted source omitted).

¶9 The circuit court has broad discretion to choose the language and emphasis of jury instructions, which includes the decision to grant or deny a request to give a particular instruction. *See State v. Hubbard*, 2008 WI 92, ¶28, 313 Wis. 2d 1, 752 N.W.2d 839. Accordingly, the court of appeals generally reviews the circuit court's decision to deny a request to modify an instruction for an erroneous exercise of discretion. *See Arents v. ANR Pipeline Co.*, 2005 WI App 61, ¶42, 281 Wis. 2d 173, 696 N.W.2d 194.

¶10 At the same time, the court of appeals will reverse "'if the jury instructions, as a whole, misled the jury or communicated an incorrect statement of law.'" *Root v. Saul*, 2006 WI App 106, ¶13, 293 Wis. 2d 364, 718 N.W.2d 197 (quoted source omitted). When appellate review requires the interpretation of statutory terms and the application of principles from case law, those determinations are made independently of the circuit court. *See State v. Neumann*, 2013 WI 58, ¶89, 348 Wis. 2d 455, 832 N.W.2d 560.

¶11 The criminal code defines "under the influence of an intoxicant" to mean the following:

> that the actor's ability to operate a vehicle … is *materially impaired* because of his or her consumption of an alcohol beverage, hazardous inhalant, of a controlled substance or controlled substance analog under ch. 961, of any combination of an alcohol beverage, hazardous inhalant, controlled substance and controlled substance analog, or of any other drug, or of an alcohol beverage and any other drug.

WIS. STAT. § 939.22(42) (emphasis added).

¶12 In contrast, the motor vehicle code, which contains the law defining the OWI offense for which Mravik was convicted, does not define "under the influence of an intoxicant." *See* WIS. STAT. §§ 346.63(1)(a) (OWI offense), 340.01 ("Words and phrases defined," within the general motor vehicle code provisions), 346.01 ("Words and phrases defined," within the Rules of the Road).

¶13 However, our supreme court has explained that the definition of "under the influence of an intoxicant" is "equivalent" when that phrase is used in the criminal code and in the motor vehicle code. *State v. Waalen*, 130 Wis. 2d 18, 27-28, 386 N.W.2d 47 (1986).[5] As a result, the definition given in the criminal code, which includes "materially impaired," applies in all cases in which the state of being "under the influence of an intoxicant" is an element of the offense.

¶14 Neither party makes an argument that any instruction given by the circuit court here *other* than the contents of Instruction 2663 is pertinent to

---

[5] The court in *Waalen* was interpreting the 1981-82 versions of the OWI laws, but there has been no change to statutory language that matters to arguments made by either side. *State v. Waalen*, 130 Wis. 2d 18, 19, 386 N.W.2d 47 (1986).

6

determining whether the court's decision to omit the word "materially" from the definition of "under the influence of an intoxicant" miscommunicated the law or misdirected the jury. Nor does either side argue that any part of Instruction 2663 apart from the definition of "under the influence of an intoxicant" is pertinent to the analysis. Therefore my focus is on the definition the court gave for "under the influence of an intoxicant." As I now explain, the definition that the court gave accurately communicated the legal standard.

¶15 Mravik is correct in what amounts to a first step in her argument. There is a significant difference in meaning between "impaired" and "materially impaired," when those words are considered in isolation. Assuming no other instruction on this topic, the juror who is not given "materially" might think that any operator who has recently consumed any amount of alcohol is by definition impaired, but the juror who is given "materially" would understand that only a certain level of impairment meets the threshold of culpable impairment.

¶16 However, the jury here was not left to wonder what the unqualified word "impaired" might mean or, more specifically, left to wonder whether a finding of material impairment is required. The following explanatory language in the definition given by the court here provided the jury with an explanation of "impaired" that sets a threshold of culpable impairment at least as high as would be conveyed by the omitted qualifier "materially":

> Not every person who has consumed alcoholic beverages is "under the influence" as that term is used here. What must be established is that the person has consumed a sufficient amount of alcohol to cause the person to be less able to exercise the clear judgment and steady hand necessary to handle and control a motor vehicle.

7

> … What is required is that the person's ability to safely control the vehicle be impaired.

WISCONSIN JI—CRIMINAL 2663.

¶17 This explanation conveyed the following critical information. Operators are not necessarily impaired whenever they have consumed alcohol, but instead the pertinent, "material," threshold of impairment occurs when the operator is, as a result of consumption, "less able to exercise the clear judgment and steady hand necessary to handle and control a motor vehicle," and the operator's "ability to safely control the vehicle has been impaired." In other words, an operator could be impaired to some degree by consumption while still fully able to exercise the clear judgment and steady hand required by law, but the same operator could proceed to consume an amount of alcohol sufficient to render the operator "less able to exercise the clear judgment and steady hand" required and thus be impaired to the point at which the operator's specific ability to safely control the vehicle has been compromised. In sum, the "less able" concept provides a definition of unlawful impairment that is at least as specific and potentially favorable to the defense as use of the phrase "materially impaired." For these reasons, I conclude that the pertinent portions of the Instruction 2663 given here, read as a whole, accurately communicated the legal meaning of "under the influence of an intoxicant," even though it lacked the word "materially."

¶18 Further, as I now summarize, the above definition of material impairment conveyed by the "less able" concept in Instruction 2663 is consistent with definitions of culpable impairment conveyed in jury instructions endorsed by our supreme court.

8

¶19 In *Waalen*, the defendant requested that the circuit court give a pattern jury instruction for "under the influence of an intoxicant" that included the phrase "materially impaired," which was based on the statutory definition in WIS. STAT. § 939.22(42) (1981-82).[6] *Waalen*, 130 Wis. 2d at 21. Instead, the circuit court gave a prior version of the pattern jury instruction, which did not include the phrase "materially impaired" and was based on the jury instruction for "under the influence of an intoxicant" that had been "implicitly affirm[ed]" in *City of Fond du Lac v. Hernandez*, 42 Wis. 2d 473, 167 N.W.2d 408 (1969).[7] *See Waalen*, 130 Wis. 2d at 22, 26. The *Waalen* court approved the instruction given by the circuit court, holding that even though the instruction did not use the criminal code definition of "under the influence of an intoxicant," it "accurately describes the

---

[6] For context, I note that this pattern jury instruction further defined "materially impaired" to mean "substantially impaired," which the *Waalen* court held was improper and against legislative intent as expressed in the preface to the 1981 revisions to the criminal code. *See Waalen*, 130 Wis. 2d at 27. However, this particular holding of the supreme court is beside the point here, because to repeat Mravik here sought insertion of "materially," not "substantially."

[7] The jury instruction given in *Waalen* defined "under the influence of an intoxicant" as follows:

> The phrase "under the influence of an intoxicant" covers not only the well-known and easily recognized conditions and degrees of intoxication but also any abnormal mental or physical conditions which [are] the result of indulging in any degree in intoxicating liquors, including beer, which tends to deprive one of the clearness of intellect and self control which one would otherwise possess.

> Not every person who has consumed alcoholic beverages falls within the ban of the statute. If that consumption of alcoholic beverages does not cause the person to be influenced in the ordinary and well-understood meaning of the term, the person is not under the influence of an intoxicant within the meaning of the statute.

*Waalen*, 130 Wis. 2d at 22.

9

circumstances in which a jury can infer whether an operator's ability to operate a vehicle is 'materially impaired.'" *Id.* at 28. Later, in *Hubbard*, our supreme court noted this result with approval, stating that the instruction given in *Waalen* was an "acceptable means for a circuit court to instruct a jury regarding the definition of 'under the influence.'" *Hubbard*, 313 Wis. 2d 1, ¶54.

¶20 The instruction defining "under the influence of an intoxicant" in *Hernandez* bears yet more similarities to Instruction 2663. In approving the instruction given in *Waalen*, our supreme court noted that it had rejected a challenge to the validity of the instruction in *Hernandez*. *Waalen*, 130 Wis. 2d at 26. In *Hernandez*, the defendant was found guilty of violating an ordinance prohibiting driving while under the influence of an intoxicant. *Hernandez*, 42 Wis. 2d at 474. The instruction in *Hernandez* also did not include statutory language defining "under the influence of an intoxicant" and communicated the threshold of culpable impairment, in part, by asking whether the operator was "to some degree at least" "less able either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a [motor vehicle]." *Id.* at 475-76.

¶21 This language from the instruction in *Hernandez*, noted with approval in *Waalen*, is consistent with Instruction 2663. The continuing validity of the *Hernandez* instruction further supports the conclusion that Instruction 2663, read as a whole, communicated the legal meaning of "under the influence of an intoxicant." In sum, the use of the "less able" concept in Instruction 2663 is consistent with the approach taken by the instructions examined in *Hernandez* and *Waalen*.

¶22    Mravik fails to explain how the omission of "materially" miscommunicated the law or misdirected the jury here.  She asserts that there is a reasonable probability that she would not have been found guilty had the jury been asked to find whether she had been "materially impaired."  This conclusory statement fails to address what I have explained about the definitional value of the "less able" concept.

¶23    Mravik suggests that the circuit court here *could* have elected to modify Instruction 2663, despite a Jury Instruction Committee note that describes the term "materially" as potentially confusing.  *See* WIS JI—CRIMINAL 2600 Introductory Comment, Sec. VIII.  It is true that pattern instructions and accompanying notes are merely persuasive and not precedential authority.  ***Runjo v. St. Paul Fire & Marine Ins. Co.***, 197 Wis. 2d 594, 604, 541 N.W.2d 173 (Ct. App. 1995).  However, assuming without deciding that the court could have exercised its discretion to add the word "materially," this does not explain why it was error for the court not to do so.[8]

¶24    In conclusion, I affirm because Mravik fails to show that the circuit court's denial of the requested modification to Instruction 2663 was an erroneous exercise of discretion.

---

[8] Mravik also makes a difficult to track argument to the following effect.  The circuit court erroneously exercised its discretion in deciding not to add the modifier "materially" to Instruction 2663 because the court's explanation for that decision contradicted statements made by our supreme court in ***State v. Hubbard***, 2008 WI 92, ¶28, 313 Wis. 2d 1, 752 N.W.2d 839.  I could reject this argument on multiple grounds, but it is sufficient to explain that my review of the adequacy of the instruction is de novo and does not depend on anything the circuit court said along these lines.

11

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.